**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 06-cv-01962-PSF-MEH

NATHAN SIMMONS,
KELLY SIMMONS,
BRANDON SIMMONS, and
AISHA SIMMONS,

    Plaintiffs,

v.

SAGE HOSPITALITY RESOURCES, LLC; a Delaware limited liability company;
SAGE CLIENT 409, LLC a Colorado limited liability company, and
ELIOTT ULRICH, individually

    Defendants.

**ORDER REGARDING PROTECTION OF CONFIDENTIAL INFORMATION**

WHEREAS, discovery in this action is likely to require the production of, among other things, CONFIDENTIAL proprietary, commercial information of or maintained by the parties; and

WHEREAS, good cause has been shown to warrant the issuance of a limited Protective Order to govern the handling of such CONFIDENTIAL information in this action in order to protect it from unnecessary or inappropriate disclosure to third parties;

IT IS THEREFORE ORDERED, as follows:

1. This Order shall govern the circulation and handling of deposition testimony, documents and other written or recorded information (including but not limited to computer data or software) produced by the Parties in connection with this proceeding.

2. Sage may designate as "CONFIDENTIAL" all or any portion of any testimony, interrogatory answer, document (whether obtained prior to or during the litigation), or other written or recorded information (including but not limited to computer data or software) that they believe contains or compromises commercially or operationally sensitive information, proprietary commercial data, or other CONFIDENTIAL information, whether or not the party was the source of the information. Such designation shall be made in the following way for the following types of material.

**DESIGNATION OF DOCUMENTS**

3. Whenever the Parties elect or are required to produce documents in the course of discovery, such documents shall be deemed CONFIDENTIAL only (i) if so marked on each such document or (ii) if so designated by furnishing a separate written notice to counsel of record for the party receiving such documents specifically identifying the documents as CONFIDENTIAL prior to production.

**DESIGNATION OF DEPOSITION TESTIMONY**

4. The Parties may at any time during a deposition of one of their employees or representatives designate all or any portion of the deposition testimony as CONFIDENTIAL information protected by this Stipulation and Order by making a statement to that effect on the record at the deposition particularly describing the answers alleged to contain CONFIDENTIAL information. All answers so designated shall be treated as CONFIDENTIAL under the

provisions of this Stipulation and Order. Any party may also request that only those persons specified in paragraph 6 of this Stipulation and Order be present in the deposition room during the designated portion of the deposition, and failure of any person to comply with that request shall constitute justification either for the witness not to answer any question that calls for the disclosure of CONFIDENTIAL information or for counsel to suspend the deposition until the propriety of that request has been resolved by the Court.

**ACCESS TO CONFIDENTIAL DOCUMENTS AND MATERIAL**

5. All documents or other materials which are designated CONFIDENTIAL and delivered to counsel of record for the requesting party by any party producing information in this action shall be retained in the offices of counsel of record for the requesting party except as specifically provided in this paragraph 5. The term "counsel of record" as used herein means the individual attorneys who have filed appearances in this action and other members of their respective firms, attorneys associated with or of counsel to those firms, legal assistants and other employees or independent contractors (such as copy room employees or commercial copying services) of those firms. Counsel of record for the requesting party shall ensure that only those persons identified in paragraph 6 of this Stipulation and Order may receive or have access to any CONFIDENTIAL material or information (including copies, excerpts or summaries thereof). All copies, excerpts and summaries of CONFIDENTIAL information shall also be marked and treated as CONFIDENTIAL and shall not be delivered, exhibited or disclosed in any manner or form, either directly or indirectly, in substance or otherwise, to any person except as expressly permitted by this Stipulation and Order. No one other than counsel of record shall make copies of any CONFIDENTIAL documents delivered to counsel of record. Only those persons referred

to in paragraph 6(c) may remove copies of CONFIDENTIAL documents outside the offices of counsel of record.

**DISCLOSURE OF CONFIDENTIAL INFORMATION**

6.   A party obtaining discovery in this action shall disclose information obtained in discovery that is required to be treated as CONFIDENTIAL under the terms of this Stipulation and Order only to the following persons, who shall be required to comply with the provisions of paragraph 7 of this Stipulation and Order, prior to receipt of CONFIDENTIAL information:

(a)   Any party and counsel of record for any party, as defined in paragraph 5;

(b)   Officers, directors or employees of the Parties to whom counsel of record report;

(c)   Witnesses at trial or for deposition only if necessary for purposes of providing testimony;

(d)   Independent experts, consultants and advisors employed or retained by counsel for the parties to perform investigative work, research, analysis or other services related to the prosecution and/or defense of this action and employees of such experts, consultants and advisors; and

(e)   Deposition reporters and their employees to the extent necessary for their performance of court reporting services.

**PROTECTION OF CONFIDENTIAL INFORMATION**

7.   Prior to the disclosure in any manner or form, either directly or indirectly, in substance or otherwise, of any CONFIDENTIAL information as permitted by this Stipulation and Order, counsel of record shall instruct each individual to whom such information is being disclosed that the information may not be disclosed in any manner or form, either directly or

indirectly, in substance or otherwise, to other persons; that the information may not be copied and must remain in the person's custody until returned to counsel of record for the requesting party; that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order; that the person must not use the information or the contents thereof except for the purposes of this action; and that all information (including but not limited to any excerpts or summaries or copies thereof) must be returned to counsel of record for the requesting party upon completion of their use by said person.

8.      Any party to this action who is served by a non-party with a subpoena or other process which purports to require the production of CONFIDENTIAL information shall immediately by telephone and also in writing (including a copy of the subpoena or other process) by the fastest available means give notice to the party who produced the information. The party served with such a subpoena or other process shall not make production before required or otherwise interfere with the opportunity of the party who produced the information to be heard on an application for protection against such production.

9.      In the event that any CONFIDENTIAL information is the subject of or incorporated into, attached to or submitted with any pleadings, motion papers, deposition transcripts or other any other papers filed with this Court or any other Court and said information would thereby be disclosed in any manner or form, either directly or indirectly, in substance or otherwise, the party filing the pleading or other document with the Court shall, before filing the pleading or other document, contact counsel of record for the producing party and inquire whether the producing party wishes the pleading or other document to be filed under seal. If the producing party states that the pleading or other document is to be filed under seal, then those

portions of any papers which would thus disclose such information shall be filed in accordance with the provisions and requirements of D.C.COLO.LCivR 7.2 and/or other applicable law governing the sealing of confidential materials.

**USE OF CONFIDENTIAL INFORMATION AT TRIAL**

10.  With respect to testimony given during any pretrial hearing or trial proceedings, the party or non-party offering or sponsoring the testimony identify on the record, before the close of the pretrial hearing or trial proceedings, all protected testimony and further specify any portions of the testimony that qualify as CONFIDENTIAL.  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the proceeding or trial is concluded) a right to have up to 20 days to identify the specific portions of the testimony that qualify as CONFIDENTIAL.  Only those portions of the testimony that are appropriately designated within the 20 days shall be covered by the provisions of this Stipulation and Order.

**OBJECTING TO DESIGNATION**

11.  Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  A party that elects to initiate a challenge to a designating party's designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the

designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

A party that elects to press a challenge to a confidentiality designation after considering the justification offered by the designating party may seek a prompt hearing before this Court with respect to the proprietary of the designation.  In the event that the challenging party seeks such a hearing, the producing party will cooperate in seeking a prompt hearing with respect thereto.  The burden of persuasion in any such challenge proceeding shall be on the designating party.  Until this Court rules on the challenge, all the items shall be treated as CONFIDENTIAL.

**DISPOSITION OF CONFIDENTIAL INFORMATION**

12. The termination of proceedings in this action shall not relieve any person to whom CONFIDENTIAL information has been disclosed from the obligations of this Stipulation and Order.  Within six weeks after the termination of this action, including all appeals therefrom, counsel of record shall return all CONFIDENTIAL information that it has received during the course of this action to the party producing the information, together with all copies thereof and all excerpts and summaries thereof (regardless of by whom made), except that counsel for either party may elect to destroy documents designated as CONFIDENTIAL by the party who produced them by shredding them rather than returning them to the party who produced them.

Each counsel of record shall file with the Court a certificate that all parties represented by that counsel have complied with the provisions of this paragraph.

**INADVERTENT PRODUCTION OF CONFIDENTIAL INFORMATION**

13.     The inadvertent production of any CONFIDENTIAL document, material, or information during discovery in this action without a CONFIDENTIAL designation or the inadvertent production of any document, material or information, shall be without prejudice to any claim that such material is CONFIDENTIAL or is privileged in any respect or protected from discovery as attorney work product, and no party shall be held to have waived any rights by such inadvertent production.  In the event that any document that is subject to a claim of privilege or that is protected from discovery as work product is inadvertently produced, the party that received the inadvertently-produced document shall return the document together with all copies of the document to the producing party promptly after it receives a written notice from the producing party that the document was produced inadvertently.

**SCOPE OF THE STIPULATION AND ORDER**

14.     Any non-party which produces information in this action pursuant to subpoena or otherwise may designate such information as CONFIDENTIAL as set forth in paragraph 2 of this Stipulation and Order.  Such designation made by a nonparty shall have the same force and effect as if made by a party.

15.     The Court reserves full power and jurisdiction to modify, revise and/or rescind this Stipulation and Order at any time, upon motion or <u>sua sponte</u>.  Any party may move for enforcement of this Stipulation and Order, for sanctions for violation of this Stipulation and

Order, or for relief from, or general or particular modification of, this Stipulation and Order in all or any particular circumstances.

So ORDERED this 9th day of February, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

9